IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TOM WALKER III, :
:
    Plaintiff, :
:
v. : Civil Action No. 7:07-cv-173 (HL)
:
SUNTRUST BANK OF :
THOMASVILLE, GA, et al, :
:
    Defendants. :
_____

# **ORDER**

Before the Court are a Motion to Dismiss by Defendants Thomas County Magistrate Court, Thomas County Sheriff's Department, and the Tax Assessor's Office (Doc. 21), Defendant Thomas County Federal Savings and Loan Association's Motion to Dismiss (Doc. 29), Defendant David Hutchings's Motion to Dismiss (Doc. 31), Defendant City of Thomasville, Georgia's Motion to Dismiss (Doc. 48), Defendant Department of Transportation's ("DOT") Motion to Dismiss or for Judgment on the Pleadings (Doc. 61), Defendant Thomasville-Thomas County Humane Society's Motion to Dismiss (Doc. 62), Defendant SunTrust Bank's Motion to Dismiss (Doc. 76), and a Motion to Dismiss by Defendants Harry Jay Altman, II and the Superior Court of Thomasville, Georgia (Doc. 51). For the following reasons, all Motions to Dismiss are granted, and all Defendants who have not filed motions to dismiss are dismissed from this action.

1

**I.      Background**

Plaintiff, the Reverend Tom Walker II, proceeding in forma pauperis, has filed a pro se Complaint (Doc. 1) against twenty-one Defendants. Plaintiff's Complaint consists of nothing more than vague and conclusory allegations that certain public officials and private individuals have discriminated against him because he is an African-American. Plaintiff fails to identify the officials who discriminated against him, and he fails to adequately identify the alleged discriminatory conduct. Also, attached to Plaintiff's Complaint is a letter addressed to this Court requesting that criminal charges be filed against certain Defendants. As with Plaintiff's Complaint, the letter contains only ambiguous and conclusory allegations.

The following Defendants have filed Motions to Dismiss: Thomas County Sheriff's Department; Thomas County Tax Assessor's Office; Thomas County Magistrate Court; Thomas County Federal Bank; David Hutchings; City of Thomasville, Georgia; Superior Court of Thomasville, Georgia; the Honorable Harry Jay Altman, II; Thomas County Humane Society; SunTrust Bank; and the DOT. Most of the Defendants seek dismissal on the ground that Plaintiff's Complaint fails to meet Rule 8(a)(2)'s pleading requirements.

The remaining Defendants have not filed a motion to dismiss. These Defendants are: Forrest Monroe "and/or" Estate; Joseph Pogue; Jean Pogue; Barbara Monroe; Roosevelt Williams; Cassandra Montgomery; Everett Montgomery; Howard Brooks; Mary Rollins; and Latesha Bradley. Despite the fact that these

2

Defendants have not filed motions to dismiss, Plaintiff's IFP status requires that this Court review Plaintiff's claims and dismiss those claims that (1) are frivolous or malicious, (2) fail to state a claim on which relief can be granted, or (3) seek relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As a result, in addition to addressing Defendants' Motions to Dismiss, the Court will address the legal sufficiency of Plaintiff's claims against the Defendants who have not filed motions to dismiss.

## II. Discussion

### A. The Complaint

The beginning of Plaintiff's Complaint contains a list of twenty-one Defendants. After listing these Defendants, page four begins with the heading: "Question #4: Specific Facts Involved," which is followed by a list of six general allegations of wrongdoing: "1. Felony Fraud"; "2. Property Fraud"; "3. Embezzlement"; "4. Falsifyed [sic] Documents"; "5. Fraudulent Deeds"; and "6. Bank Fraud." Following these allegations is Plaintiff's request for relief section, which states, "I hope to prove my criminal case successful and seek civil judgments to compensate me and my family members for 31 years of physical, mental, and emotionally [sic] anguish at the hands of the Thomasville, Georgia City Government." Plaintiff's Complaint then launches into a rambling diatribe against the City of Thomasville and its officials. Plaintiff makes various conclusory allegations that unidentified city officials have denied him due process of law because he is an African-American. The only somewhat specific

3

allegation of wrongdoing appears in the second paragraph on page 5, where Plaintiff alleges that:

> "Thomasville Court Officials [have] [v]iolated their court ordered 'Lis Pendens'...and knocked down houses and cut down 50.0 acres of the finest trees on my property on between September 13-14, 2007. Because I Am a Black American The Thomasville, Georgia Officials, allowed persons to cut trees down on property I owned for 31 years or more. The City of Thomasville Judges, and Lawyers, and Clerks discriminated against me because I am an African-American...."

Finally, the last page of Plaintiff's Complaint lists four Georgia property statutes pursuant to which Plaintiff's claims are brought: O.C.G.A. § 44-5-168; O.C.G.A. § 23-3-62; O.C.G.A. § 23-3-61, et seq.; and O.C.G.A. § 44-14-610, et seq.

Also, attached to Plaintiff's Complaint is a letter addressed to this Court requesting that criminal charges be brought against the following individuals: "A. Forest Monroe, and or Estate; B. Pogue, Joseph E. and Jean T.; C. Barbara Monroe; D. Cassandra and Everett Montgomery; E. First National Bank A.K.A. Trust Company Bank A.K.A. SunTrust Bank of Thomasville, Thomas County." The letter lists numerous charges that Plaintiff wants brought against these Defendants, including, among others, conspiracy to commit bank fraud and conspiracy to falsify documents. None of these Defendants are mentioned in Plaintiff's Complaint.

### B. Motions to Dismiss and Motions for Judgment on the Pleadings

### 1. Motion to Dismiss by Defendants Thomas County Magistrate Court, Thomas County Sheriff's Department, and the Tax Assessor's Office

Defendants Thomas County Magistrate Court, Thomas County Sheriff's Department, and the Tax Assessor's Office seek dismissal for two reasons: they are not entities subject to suit, and Plaintiff's Complaint fails to satisfy Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements. Under Federal Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." Id. at 1964-65 (citations omitted) (alteration in original). The complaint must contain enough factual allegations to "raise a right to relief above the speculative level." Id. at 1965.

In this case, the Complaint contains no specific allegations against the Thomas County Magistrate Court, the Thomas County Sheriff's Department, or the Tax Assessor's Office. Thus, the Motion to Dismiss is granted because Plaintiff has not stated a claim against these Defendants. The Court need not address the

Defendants' argument that they are not entities subject to suit.

## 2. Defendant Thomas County Federal Savings and Loan Association's Motion to Dismiss

Defendant Thomas County Federal Savings and Loan Association ("FSLA") seeks dismissal of the claims against it on the ground that the allegations in Plaintiff's Complaint fail to meet the pleading requirements of Federal Rule 8(a)(2). Plaintiff's Complaint does not contain any allegations against Defendant FSLA. Defendant FSLA is mentioned only in the caption of Plaintiff's Complaint; it is not mentioned in either the body of Plaintiff's Complaint or the letter attached to it. Accordingly, Plaintiff has not stated a claim against Defendant FSLA.

## 3. Defendant David Hutchings's Motion to Dismiss

Defendant David Hutchings requests that Plaintiff's claims against him be dismissed on the ground that Plaintiff's allegations do not meet Rule 8(a)(2)'s pleading requirements. Defendant Hutchings is the Clerk of the Superior Court of Thomas County. Similar to Defendant FSLA, Hutchings is mentioned only in the caption of Plaintiff's Complaint. The Complaint does allege that "clerks" discriminated against him, but it is unclear if "clerks" refers to Hutchings. Moreover, the allegations that "clerks" discriminated against him is conclusory. The Complaint does not connect the "clerks" to any allegations of wrongdoing; it simply alleges that "clerks discriminated against me because I am an African-American." This general allegation is not sufficient to state a claim under Rule 8(a)(2). As a result, Defendant

Hutchings's Motion to Dismiss is granted.[1]

### 4. Defendant City of Thomasville, Ga.'s Motion to Dismiss

Defendant City of Thomasville, Ga. argues that it should be dismissed from this action because Plaintiff's Complaint does not satisfy Rule 8(a)(2)'s pleading requirements. The Court agrees. Based on the allegations in Plaintiff's Complaint, it appears that he is trying to assert a § 1983 claim against the City. It is well-established that municipal liability under § 1983 exists only when a municipal policy, practice, or the decision of a final municipal policy maker caused the deprivation of plaintiff's federally protected right. <u>Matthews v. Columbia County</u>, 294 F.3d 1294, 1297 (11th Cir. 2002). Plaintiff's Complaint does not allege that the deprivation of his federally protected rights can be attributed to a municipal policy, custom, or the decision of a final policy maker. Instead, the Complaint contains only vague and conclusory allegations that certain unnamed officials have violated his rights "thousands of times" by denying him due process and discriminating against him on the basis of his race. These allegations do not raise above the speculative level a right to relief against the City of Thomasville. As a result, the City's Motion to Dismiss is granted.

---

[1]Although Plaintiff's Response to Hutchings's Motion to Dismiss makes certain allegations against him, it is well-established that a complaint may not be amended by a brief in opposition to a motion to dismiss. <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1107 (7th Cir. 1984). This rule applies to all of the responses Plaintiff has filed in opposition to the other Defendants' Motions to Dismiss.

### 5. Defendant DOT's Motion to Dismiss or for Judgment on the Pleadings[2]

Defendant DOT seeks judgment on the pleadings on the ground that it is entitled to sovereign immunity, and it seeks dismissal on the ground that Plaintiff's Complaint does not state a claim against it. As DOT correctly notes, Plaintiff's Complaint does not contain a single allegation against it. Thus, this reason by itself is a sufficient basis for dismissal, and the Court need not address the DOT's sovereign immunity argument. To the extent DOT requests judgment on the pleadings on the basis of sovereign immunity, its request is denied as moot because the Court has dismissed the claims against it.

### 6. Defendant Thomasville-Thomas County Humane Society's Motion to Dismiss

Defendant Humane Society contends that Plaintiff's claims against it should be dismissed because Plaintiff's Complaint does not state a claim against it. The Humane Society is listed as a Defendant in the style of the case, but it is not mentioned in the body of the Complaint. Because the Complaint does not allege any facts giving rise to a claim against the Humane Society, its Motion to Dismiss is granted.

### 7. Defendant SunTrust Bank's Motion to Dismiss

---

[2]DOT's Motion is styled simply as a Motion for Judgment on the Pleadings, but it also seeks dismissal on the basis that Plaintiff has failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Thus, the Court will refer to DOT's Motion as a Motion to Dismiss or for Judgment on the Pleadings.

8

Defendant SunTrust moves for dismissal of Plaintiff's claims against it on the ground that Plaintiff's allegations fail to satisfy the pleading requirements of Rule 8. SunTrust is not mentioned anywhere in Plaintiff's Complaint. It is, however, mentioned in the letter attached to Plaintiff's Complaint. But the letter's allegations against SunTrust are ambiguous, conclusory, and unintelligible. For example, Defendant asserts that SunTrust conspired to defraud him of a sum of money, but he does not state any facts to support this allegation. Though some of Plaintiff's allegations are slightly more detailed, they are still unintelligible. As a result, SunTrust should be dismissed.

Plaintiff's claims against SunTrust are subject to dismissal for two additional reasons. First, the Complaint's demand for relief section provides that Plaintiff wants to prove his criminal case successful, and he wants compensation for the physical, mental, and emotional anguish he has suffered at the hands of City officials. It appears that Plaintiff wants civil relief only from the City and its officials, and he wants criminal charges brought against the other Defendants. Indeed, the letter requests that criminal charges be filed against the specified Defendants, and the list of allegations against SunTrust is preceded by a heading that requests criminal charges based on the allegations listed below the heading. Criminal charges are not an available remedy in civil cases, and therefore, Plaintiff is not entitled to this requested relief. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether

to prosecute a case."). Because this appears to be the only relief he has requested from SunTrust, Plaintiff's claims against it are also subject to dismissal for this reason.

Second, it is unclear whether the Court has subject matter jurisdiction over Plaintiff's claims against SunTrust. Plaintiff's claims against SunTrust all appear to be state law claims, and there are no allegations of diversity jurisdiction. To the extent the Court could exercise supplemental jurisdiction over these state law claims based on the § 1983 claims asserted in Plaintiff's Complaint, the Court declines to do so because this Order has dismissed all the § 1983 claims. For this additional reason, SunTrust's Motion to Dismiss is granted.

### 8. Defendants Harry Jay Altman, II and the Superior Court of Thomasville, GA's Motion to Dismiss

Defendants Harry Jay Altman, II, and the Superior Court of Thomasville move to dismiss on various grounds, including, among other things, judicial immunity, sovereign immunity, and failure to state a claim upon which relief can be granted. Plaintiff's Complaint does not contain any specific allegations against these Defendants. As a result, the Motion to Dismiss is granted.

### C. Review under § 1915

The remaining Defendants have not filed motions to dismiss. Nevertheless, the Court is required to address the legal sufficiency of Plaintiff's claims against them because he is proceeding IFP.

### 1. Roosevelt Williams, Howard Brooks, Marry Rolling, and Latesha Bradley

These Defendants are only mentioned in the Complaint's list of Defendants; they are not mentioned in either Plaintiff's Complaint or the attached letter. Because Plaintiff has made no specific allegations against them, Roosevelt Williams, Howard Brooks, Mary Rolling, and Latesha Bradley are dismissed.

### 2. Forrest Monroe "and/or" Estate, Joseph Pogue, Jean Pogue, Barbara Monroe, Cassandra Montgomery, and Everett Montgomery

These Defendants appear in the style of the case, but they are not mentioned in the body of the Complaint; however, the letter attached to Plaintiff's Complaint does contain allegations against them. Nevertheless, these Defendants are still entitled to be dismissed from this action for the same reasons that this Court dismissed Defendant SunTrust. First, the letter does not contain allegations against these Defendants that are sufficient to raise a right to relief above the speculative level. The letter's allegations are simply too ambiguous and conclusory. In addition, as with Defendant SunTrust, Plaintiff has only requested that criminal charges be filed against these Defendants; he has not requested a civil remedy. Last, it does not appear that this Court has subject matter jurisdiction over these claims as they are state law claims, and there are no allegations of diversity jurisdiction. To the extent the Court could exercise supplemental jurisdiction over these state law claims based on the § 1983 claims asserted in Plaintiff's Complaint, the Court declines to

do so because this Order has dismissed all the § 1983 claims. Accordingly, these Defendants are dismissed.

## III. CONCLUSION

For the foregoing reasons, all Motions to Dismiss are granted, and all Defendants who have not filed motions to dismiss are dismissed from this action.

**SO ORDERED**, this the 26th day of August, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc